# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1673
_____

United States of America

*Plaintiff - Appellee*

v.

Jordan Austin Estermann

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: May 11, 2026
Filed: July 7, 2026
_____

Before LAVENSKI R. SMITH, BENTON, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Jordan Austin Estermann pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district court sentenced him to 100 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court vacates the sentence and remands.

On March 8, 2023, Iowa police officers stopped Estermann for shoplifting from Mills Fleet Farm. He had stolen firearms accessories on him. Officers discovered Estermann had arrived at Mills Fleet Farm in a stolen Ford pickup truck.

On March 19, 2023, Iowa police officers arrested Estermann in a stolen Toyota Solara with ammunition on him.

Estermann was charged in federal court for being a felon in possession of a firearm and ammunition based on the March 8th and 19th incidents. He was charged and sentenced in state court for operating a vehicle without the owner's consent and robbery for the same incidents.

I.

Estermann asserts his conviction under 18 U.S.C. § 922(g)(1) is facially unconstitutional under the Second Amendment. This argument is foreclosed by binding precedent. *See **United States v. Cunningham***, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional."); ***United States v. Jackson***, 110 F.4th 1120, 1125 (8th Cir. 2024) (holding "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").

II.

Estermann believes the district court procedurally erred by failing to adjust his federal sentence based on his 25-year state term of imprisonment for robbery (or, alternatively, to run the sentences concurrently). This court reviews the district court's "factual findings for clear error and its interpretation and application of the guidelines *de novo*." ***United States v. Vasquez-Garcia***, 449 F.3d 870, 872 (8th Cir. 2006).

U.S.S.G. § 5G1.3 provides guidance for the imposition of a sentence where the defendant is subject to an undischarged term of imprisonment. If the undischarged term of imprisonment is "relevant conduct" to the federal offense of conviction, the district court shall: (1) "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment"; and (2) impose the sentence for the instant offense "concurrently to the remainder of the undischarged term of imprisonment." **U.S.S.G. § 5G1.3(b)(1) and (2)**.

On the U.S.S.G. § 5G1.3 argument, the district court considered:

> One of the problems I have with the 5G argument here is that there really is no influence of the carjacking on Defendant's instant sentence. He hasn't pled guilty to any convictions relating to being a felon in possession of firearms in state custody. The carjacking doesn't impact his sentence as long as I stay within the lower edges of the range that's applicable here, and so in my mind this isn't a case where there should be concurrent sentences. And it isn't a case where I think he should get credit for the time he's already served in state custody, given that those are different offenses for which he's serving time that don't have any impact on his federal sentence.

Estermann argues it is "undisputed" that the state convictions are "relevant conduct" to the federal convictions. And the Presentence Investigation Report noted that the robbery conviction was "relevant conduct to the instant offense of conviction." But the district court did not make an explicit finding on this issue. *See United States v. Kavanagh*, 163 F.4th 1127, 1129 (8th Cir. 2026) (holding that the district court had no discretion to reject a defendant's request for a § 5G1.3(b)(1) adjustment if the state sentence was for solely relevant conduct, and the court made no finding to the contrary). It is also unclear from the record whether the court varied from the guidelines based on its relevancy determination. *See United States v. Winnick*, 954 F.3d 1103, 1105 (8th Cir. 2020) (declining to "just assume" that the court "correctly adjusted his sentence downward" based on § 5G1.3 when the record was unclear). And, although harmless error review may apply, the record here does not reflect that the court "would have exercised its discretion to impose the same

sentence regardless of how it interpreted the guidelines." ***United States v. Price***, 169 F.4th 779, 781 (8th Cir. 2026).  Like in *Winnick*, the record here "leaves us uncertain about exactly how the court arrived at [the] final sentence. Under these circumstances, a remand is necessary to allow the district court to clarify its reasoning." ***Winnick***, 954 F.3d at 1106.

\* \* \* \* \* \* \*


The judgment is vacated and the case remanded for proceedings consistent with this opinion.

_____